ACTUARIAL SERVICES, INC.,
Appellant,

v.

Harold B. McGUFFEY, Commissioner of Insurance, Commonwealth of Kentucky, Appellee.

Charles W. KLAYER, Appellant,

v.

Harold B. McGUFFEY, Commissioner of Insurance, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 19, 1975.

Dan Marshall, Louisville, for appellants.

Edward L. Fossett, G. Lee Langston, Dept. of Ins., Frankfort, for appellee.

CULLEN, Commissioner.

The Kentucky Commissioner of Insurance revoked the insurance agent's license of Charles W. Klayer upon a finding after an evidentiary hearing that Klayer had conducted himself in an untrustworthy manner by falsely testifying under oath, on a prior hearing, that Kentucky Central Life Insurance Company had issued life insurance policies on the lives of five named persons, and a further finding that Klayer had issued or caused to be issued fraudulent or bogus policies on the lives of the persons in question. The Commissioner simultaneously suspended the agent's license of Actuarial Services, Inc., a corporation solely owned by Klayer, the suspension to continue "until such time after application and a hearing thereon it is shown to the satisfaction of the Commissioner or his successor that the said Charles W. Klayer has relinquished all his ownership and interest of whatever kind in the said Actuarial Services, Inc."

On appeal by Klayer and Actuarial Services to the Franklin Circuit Court judgment was entered upholding the Commissioner's orders. Klayer and Actuarial Services are appealing here from that judgment.

This court finds no merit in Klayer's claims of error as to the revocation of his license, and finds no need to discuss them. However, the court is convinced that there was error in the suspension of the license of Actuarial Services.

At no time were any charges preferred against Actuarial Services, or any hint made that its license was in jeopardy. No notice of hearing was given to Actuarial Services and no hearing was held addressed to the suspension of its license. The only argument advanced by the Commissioner on this appeal, why such seemingly flagrant lack of due process should not be considered fatal to the validity of the order suspending Actuarial Services' license, is that the license of the corporation and of its agent, in a situation of this kind, are so interrelated that revocation of the license of the corporate agent automatically revokes or suspends the license of the corporation.

The Commissioner refers to KRS 304.9–130(1) which authorizes the issuance of an insurance agent's license to a corporation and provides that "each individual to act for the corporation under the license, shall be named in or registered with the commissioner as to the license, and shall qualify as though an individual licensee." He also refers to KRS 304.9–440(2), which provides that the license of a corporation may be suspended or revoked "for any of such causes as relates to an individual designated in or registered as to the license to exercise its powers."

Perhaps KRS 304.9–130(1) makes the corporate representative's license authority so dependent upon the continued existence of the corporation's license that a revocation of the corporation's license automatically will end the representative's license authority. But we do not construe the statute as making the validity of the corporation's license (as distinguished from the *usability* of the license at any particular point in time) dependent upon the continued existence of valid representative's endorsements on that license. If the Commissioner's argument were valid, the mere *resignation* of a corporation's licensed representative would terminate the corporation's license.

Actually, the course of action followed by the Commissioner of Insurance in

the instant case was not consistent with the statutory interpretation he now advocates. He did not automatically revoke the corporation's license by virtue of the revocation of Klayer's license. Rather, he *suspended* the corporation's license until it disassociated itself from Klayer, apparently on a determination that a corporation owned by a person whose license had been revoked should not itself have a license. We think such a determination could not be made without according the corporation procedural due process.

■ The provision of KRS 304.9–440(2) that the corporation's license may be suspended or revoked "for any of such causes as relates to an individual designated in or registered as to the license to exercise its powers" cannot reasonably be construed, in our opinion, to mean that the corporation's license can be revoked or suspended without notice or hearing. The statute deals only with *causes* for revocation, not with *procedures.* It falls far short of saying that revocation of the corporate representative's license authority automatically revokes the corporation's license.

On Klayer's appeal, the judgment is affirmed. On the appeal of Actuarial Services, Inc., the judgment is reversed with directions to enter judgment setting aside the order of the Commissioner of Insurance suspending the license of Actuarial Services, Inc.

All concur except LUKOWSKY, J., who did not sit.